UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                    Criminal No.04-CR-10336-NMG

ZULEIMA REYES

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PRODUCED BY WIRETAP ORDERS

Now comes the defendant, Zuleima Reyes, by her attorney, and respectfully moves that this Honorable Court pursuant to Section 2518(10)(a), Title 18, United States Code, for the suppression of the contents of any and all interceptions of wire and oral communications, and evidence derived therefrom, to and from telephone number (978) 423-8173, on the grounds that said communications were unlawfully intercepted, as hereinafter more specifically appears.

In support thereof, counsel state as follows:

1. Moreover, 18 U.S.C.A. § 2518(1)(c) provides that each application submitted to the District Judge shall include a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.

2. Paragraphs 10-65 of the affidavit of Terry G. Hanson, made a part of the application for an interception order by paragraph "5" of the application, establishes beyond any doubt the fact that normal investigative procedures in fact worked quite well to accomplish every purpose lawfully open to investigative agents of the Government, short of a general warrant to

1

conduct an unlimited exploratory investigation prohibited by the Fourth Amendment to the United States Constitution; and that the persons particularly identified as engaging in the crimes enumerated in paragraph 5 a of that application, from a particularly described place, had been successfully related to the crimes outlined, by normal and usual investigative processes.

3. Because no wiretap can lawfully be ordered, consistent with the Fourth Amendment's constitutional limitations, against any but particularly identified persons and places, under circumstances where normal investigative procedures have been tried and failed, the wiretap orders issued in the within cases on the basis of affidavits which describe under oath the success of normal investigative procedures, are void, as authorizing intrusions upon the Defendants' rights of privacy assured them by the mandates of the Fourth and Fifth Amendments to the United States Constitution.

4. In actuality, normal surveillance of the Defendants named in the applications, and of the various buys of drugs from undercover agents and cooperating individuals at various locations, was possible and practicable and could easily have been effected by normal means; and all of the statements in the applications to the contrary are knowingly false, untrue, and deceptive, and constitute an illegal imposition upon the Court, and a misuse of official authority so grave as to totally invalidate any interception orders issued on the basis of such patently false averments.

WHEREFORE, the defendant prays, for the foregoing reasons, that the evidence procured by virtue of any wiretap orders be suppressed in accordance with the provisions of 18 U.S.C.A. s. 2518(10)(a).

Dated:    May 11, 2005.

                                          Zuleima Reyes
                                          By Her Attorney

                                          John D. Hodges, Jr.
                                          Attorney for the Defendant
                                          1360 Main Street
                                          Tewksbury, MA 01876
                                          (978) 863-1172