UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                              Criminal No.04-CR-10336-NMG

ZULEIMA REYES

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PRODUCED BY WIRETAP ORDERS

**1. The Application Fails to Provide a Full and Complete Statement as to Whether or Not Other Investigative Procedures Have Been Tried and Failed or Why They Reasonably Appear to Be Unlikely to Succeed If Tried or To Be Too Dangerous, as Required By 18 U.S.C.A. § 2518(1)(c).**

Every application for an order authorizing the use of electronic surveillance must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous," 18 U.S.C.A. § 2518(1)(c). Unless the issuing judge finds that this necessity requirement has been satisfied, no order authorizing the use of electronic surveillance may be entered, 18 U.S.C.A. § 2518(3)(c).

"[I]n a society which values privacy and the rights of the individual, wiretapping is to be distinctly the exception and not the rule." *United States v. Hoffman,* 832 F.2d 1299, 1307 (1st Cir. 1987). To ensure that law enforcement authorities do no resort to wiretapping when traditional investigative techniques would suffice, the government is "required to make a reasonable, good faith effort to run the gamut of normal investigative procedures before resorting to means so intrusive as electronic surveillance of telephone calls." *United States v. Ashley,* 876

1

F.2d 1069, 1072 (1st Cir. 1989), quoting *United States v. Hoffman*, 832 F.2d at 1306-07. Before an interception order may issue, the "district court must satisfy itself that the government has used normal techniques but has encountered difficulties in penetrating or in gathering evidence to a point where (given the statutory preference for less intrusive techniques) wiretapping becomes reasonable." *United States v. Abou-Saada*, 785 F.2d 1, 11 (1st Giro 1986). *See, e.g., United States V. Carneiro*, 861 F.2d 1171, 1176 (9th Giro 1988). Moreover, the necessity requirement must be satisfied as to each telephone or location, for which the interception authorization is sought. *See, e.g., United States v. Brone*, 792 F.2d 1504, 1507 (9th Giro 1986); United States V. Carneiro, 861 F.2d at 1180-82.

At a minimum, to satisfy the necessity requirement, the affidavit must detail a factual predicate to support the affiant's statements that ordinary investigative techniques have not and will not suffice. *See, e.g., United States v. Brone*, 792 F.2d 1504, 1506 (9th Giro 1986); *United States V. Armocida*, 515 F.2d 29, 38 (3d Giro 1975); *United States V. Spagnulo*, 549 F.2d 705, 710 (9th Giro 1977). Generalizations and boilerplate recitations regarding why traditional investigative techniques have not sufficed or why, if tried, they would not succeed, do not satisfy the critical necessity requirement, one of the central statutory safeguards 'against unwarranted invasions of privacy. *See, e.g., United States V. Oriakhi*, 57 F.3d 1290, 1298 (4th Giro 1995) (government may not make requisite necessity showing through a mere "boilerplate recitation of the difficulties of gathering useable evidence [; r]ather the government must base its need on real facts and must specifically describe how, in the case at hand, it has encountered difficulties in penetrating the criminal

enterprise or in gathering evidence with normal techniques to the point where wiretapping becomes reasonable"); *United States V. Ashley*, 876 F.2d at 1072 (bare conclusory statements that normal techniques would be unproductive, based solely on an affiant's prior experience, do not comply with § 2518(1)(c»; *United States V. Vento*, 533 F.2d 838, 849 (3d Giro 1976) (use of boilerplate and absence of particulars in wiretap applications have not been permitted lest wiretapping become established as a routine investigative recourse, contrary to the restrictive intent of Congress); *United States V. DiMuro*, 540 F.2d 503, 510 (lst Giro 1976) (agent's bare conclusory statements that normal investigative techniques are generally unproductive in dealing with gambling operations insufficient); *United States v. Kalustian*, 529 F.2d 585, 590 (9th Giro 1976) (affidavit failed to satisfy necessity requirement because it failed to present any information why this gambling .case "presented any investigative problems which were distinguishable in nature or degree from any other gambling case); *United States v. Lilla*, 699 F.2d 99, 104 (2d Cir. 1983) (rejecting generalized and conclusory statements that other investigative procedures would prove unsuccessful); United Statesv. Spagnulo, supra, 549 F.2d at 710 (affidavit composed solely of conclusions unsupported by particular facts provides no basis for determination of compliance).

Section 2518(3)(c) imposes upon the district judge an independent obligation to determine that the necessity of recourse to electronic surveillance has been adequately demonstrated. *See, e.g., United States v. Scibelli*, 549 F.2d 222, 226 (lst Cir. 1977); United States v. Ashley, 876 F.2d at 1072, 1073 (issuing judge must independently conclude, based upon the affidavit, that antecedent efforts were

adequate to comply with § 2518(3)(c)). The necessity requirement "directly and substantially implements the congressional intention to limit the use of intercept procedures to those situations clearly calling for their employment." *United States v. Mondragon*, 52 F.3d 291, 294 (10th Cir. 1995). While it may be more efficient for the government to engage in wiretapping rather than pursue more time-consuming avenues of investigation, such as physical surveillance, "the statutory requirement that other investigative procedures be exhausted before wiretapping reflects a congressional judgment that the cost of such efficiency in terms of privacy interests is too high." *United States v. Lilla*, 699 F.2d at 105 n.7. As the United States Court of Appeals for the Ninth Circuit has observed:

It is no doubt true that experienced agents at the outset of an investigation can anticipate with a fair degree of accuracy whether ordinary techniques will fail or prove to be "too dangerous." To delay the wiretap order while ordinary techniques are employed or to undertake to educate a district judge to enable him to appreciate their level of experience no doubt appears to such agents as a waste of time and resources. Their perception may be accurate, but Congress has deprived it of decisive influence. The particularized showing here described is necessary. The district judge, not the agents, must determine whether the command of Congress has been obeyed. *United States v. Spagnulo*, 549 F.2d at 710-11.

Paragraphs 10-65 of the affidavit of Terry G. Hanson, made a part of the application for an interception order by paragraph "5" of the application, establishes beyond any doubt the fact that normal investigative procedures in fact worked quite well to accomplish every purpose lawfully open to investigative agents of the Government, short of a general warrant to conduct an unlimited exploratory investigation prohibited by the Fourth Amendment to the United States Constitution; and that the persons particularly identified as engaging in the crimes enumerated in paragraph 5 a of that application, from a particularly described

place, had been successfully related to the crimes outlined, by normal and usual investigative processes. Because no wiretap can lawfully be ordered, consistent with the Fourth Amendment's constitutional limitations, against any but particularly identified persons and places, under circumstances where normal investigative procedures have been tried and failed, the wiretap orders issued in the within cases on the basis of affidavits which describe under oath the success of normal investigative procedures, are void, as authorizing intrusions upon the Defendants' rights of privacy assured them by the mandates of the Fourth and Fifth Amendments to the United States Constitution. In actuality, normal surveillance of the Defendants named in the applications, and of the various buys of drugs from undercover agents and cooperating individuals at various locations, was possible and practicable and could easily have been effected by normal means

CONCLUSION

For all the foregoing reasons, the Defendants' Motion to Suppress must be granted.

Dated:     May 11, 2005.

Respectfully Submitted

*/s/ John D. Hodges, Jr.*
John D. Hodges, Jr.
Attorney for the Defendant
1360 Main Street
Tewksbury, MA 01876