UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING INITIAL INTERCEPTION OF WIRE COMMUNICATIONS MADE OVER THE CELLULAR TELEPHONE BEARING INTERNATIONAL MOBILE SUBSCRIBER NUMBER (IMSI) 316010005444317, AND URBAN FLEET MOBILE IDENTIFIER (UFMI) NUMBER 180*11*57720 AND CURRENTLY ASSIGNED TELEPHONE NUMBER 978-423-8173 | M.B.D. NO. 04-MBD-10075<br><br>**FILED UNDER SEAL** |

### ORDER AUTHORIZING
### THE INITIAL INTERCEPTION OF WIRE COMMUNICATIONS

Application under oath having been made before me by Assistant United States Attorney Dickens Mathieu, an "investigative or law enforcement officer of the United States" as defined by Section 2510(7) of Title 18, United States Code, for an Order authorizing the continued interception of wire communications pursuant to Title 18, United States Code, Section 2518, and full consideration having been given to the matters set forth therein, the Court finds:

1. The application is made pursuant to the authority of a specially designated representative of the Attorney General of the United States and therefore satisfies the dictates of Section 2516(1) of Title 18, United States Code.

2. There is probable cause to that the individuals currently identified as Reynaldo Rivera, a/k/a "Rey" ("RIVERA"); Julio SANTIAGO, a/k/a "Macho ("SANTIAGO"); Jose TORRADO

79

("TORRADO"); Zuleima REYES ("REYES"); Santiago Arroyo ("ARROYO") (the "Target Subjects"), and others as yet unknown, have committed, are committing, and will continue to commit, offenses involving possession with intent to distribute, and distribution of, a controlled substance, and conspiracy to do so, in violation of 21 U.S.C. §§ 841(a)(1) and 846; use of a communication facility to facilitate the above offenses, and conspiracy to do so, in violation of 21 U.S.C. §§ 843(b) and 846; money laundering and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956 and 1957; and aiding and abetting all of the above offenses (except for the conspiracy offenses), in violation of 18 U.S.C. § 2.

3. There is further probable cause to believe that particular wire communications of the Target Subjects and others as yet unknown will be obtained concerning the above offenses, through the interception of wire communications (including voicemail and "direct connect" communications) to and from the cellular telephone assigned number 978-423-8173, bearing international mobile subscriber identity ("IMSI") 316010005444317, and urban fleet mobile identifier (UFMI) number 180*11*57720, which is a Nextel telephone, subscribed to by Reynaldo Rivera, 235 18th Street, Apt. 204, Dracut, Massachusetts, and any subsequently changed telephone numbers assigned to the instrument bearing the same IMSI, or any changed

2

80

IMSI assigned to the same telephone number (the "Target Telephone").

4. In particular, the wire communications to be intercepted are expected to concern the acquisition, transportation, and distribution of controlled substances by the Target Subjects and others as yet unknown. In addition, the communications will likely identify and provide admissible evidence concerning known and unknown sources, transporters, financiers, distributors, and purchasers of controlled substances; the location, receipt, administration, control, management and disposition of narcotics and narcotics proceeds; the identities and roles of the participants in the narcotics trafficking operation; and the precise nature and scope of the illegal activities involved.

5. There is probable cause to believe that the Target Telephone has been used, is currently being used, and will continue to be used, by the Target Subjects and others as yet unknown in furtherance of the above-described offenses.

6. It has been adequately demonstrated that normal investigative procedures have been tried and have failed, reasonably appear to be unlikely to succeed if tried, or are too dangerous.

**WHEREFORE**, it is hereby **ORDERED** that agents, including Special and Task Force Agents, of the Drug Enforcement

Administration, any other law enforcement officers and government employees or independent contractors operating under the DEA's supervision, may intercept and record wire communications (including voicemail and "direct connect" communications") of the Target Subjects and others as yet unknown over the Target Telephone, and to and from any changed telephone number(s) subsequently assigned to the instrument bearing the same IMSI, or any changed IMSI assigned to the same telephone number as the Target Telephone concerning the above-described offenses, during the effective period of the Order, including any wire communications call-forwarded by the Target Telephone to another telephone, any background conversations intercepted while the instrument is off the hook or otherwise in use, any voice mail messages received or retrieved contemporaneously by the Target Telephone, and any "direct connect" communications involving the Target Telephone.

**IT IS FURTHER ORDERED** that such interceptions of wire communications shall not automatically terminate when the types of communications described above have been first obtained, but shall continue until communications are intercepted that fully reveal the manner in which the Target Subjects and/or others as yet unknown participate in the specified offenses, and that fully reveal the identities of their co-conspirators, their places of operation, and the full nature of the conspiracy involved

therein, or for a period of thirty (30) days, whichever is earlier. The thirty (30) day period for the interception of wire communications using the Target Telephones shall be measured from the day on which investigative or law enforcement officers first begin conducting interceptions pursuant to this Order or ten (10) days after the date of this Order, whichever occurs earlier.

**IT IS FURTHER ORDERED** that Nextel Communications, electronic communications service providers as defined in Section 2510(15) of Title 18, United States Code, shall furnish Applicant forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such service providers are according the persons whose communications are to be intercepted, including but not limited to, the disclosure of all information regarding corresponding switch and cell site numbers and locations for all geographical locations within the United States where the Target Telephone is in use; and to ensure an effective and secure installation of electronic devices capable of intercepting wire communications, including voice mail communications, over the Target Telephone. The service providers furnishing such facilities or technical assistance shall be compensated by the Applicant for reasonable expenses incurred in providing such facilities or assistance.

**IT IS FURTHER ORDERED** that this Order is binding upon any subsequent service provider which provides service to the Target

Telephone, upon service of a certified copy of this Order, without further order of this Court being required.

**IT IS FURTHER ORDERED** that, pursuant to Section 2518(3) of Title 18, United States Code, in the event that either of the Target Telephones is transferred outside the territorial jurisdiction of the Court, interception as to that telephone may take place in any other jurisdiction within the United States.

**IT IS FURTHER ORDERED** that, pursuant to Section 2518(5) of Title 18, United States Code, the DEA is authorized to monitor communications conducted in whole or in part in a language other than English; to utilize Spanish, and, if necessary, other foreign language interpreters employed by or under contract with the government to monitor such conversations; and to utilize civilians fluent in the foreign language being spoken in the event that interpreters employed by or under contract with the government are unavailable. All wire communications will be minimized in accordance with Chapter 119 of Title 18 of the United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the Target Subjects or any of their criminal associates, once identified, is participating in a conversation, unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If any conversations are minimized, the monitoring agents or personnel shall spot check to

6

84

ensure that the conversation has not turned to criminal matters.

**IT IS FURTHER ORDERED** that, it appearing that the information requested is relevant and material to an ongoing criminal investigation pursuant to Section 2703(d) of Title 18, United States Code, Nextel Communications, Sprint, Sprint PCS, Sprint Spectrum L.P., Verizon, Verizon Communications, Inc., Verizon Wireless, Verizon-New England, Verizon-New York, Verizon-Delaware, Inc., Verizon-Maryland, Inc., Verizon-New Jersey, Inc., Verizon-Pennsylvania, Inc., Verizon-Virginia, Inc., Verizon-Washington, D.C., Inc., Verizon-West Virginia, Inc., Virgin Mobile, MCI, Cellular One, Cingular Wireless, TSR Wireless, SNET Cellular, Omnipoint, Airtouch, PageMart, Inc., their successors and any other long distance carrier, and any other local cellular telephone service provider, shall provide forthwith, upon the request of Special Agents of the DEA or members of any other law enforcement agency working with the DEA, all published and non-published subscriber information and toll records relevant to this investigation, that is, the name and address, local and long distance telephone billing records, telephone number or other subscriber number or identity, length of service, types of services, record or other information related to the Target Telephone as well as to any other telephone number, digital display paging device or mobile telephone associated with this investigation.

**IT IS FURTHER ORDERED** that the DEA is authorized to serve a

modified copy of this Court's Order upon any of the aforementioned service providers as necessary to effectuate this Order.

**IT IS FURTHER ORDERED** that the Applicant, or any other Assistant United States Attorney familiar with this investigation, shall provide the Court with a report on or about the tenth and twentieth days following the commencement of the interception pursuant to this Order showing what progress has been made toward achievement of the authorized objectives and the need for continued interception. If any of the above reports should become due on a weekend or holiday, it is ordered that such report should become due on the next business day thereafter.

**IT IS FURTHER ORDERED** that this authorization to intercept wire communications shall be executed as soon as practicable after the signing of this Order and shall be conducted in accordance with the procedures set forth in the Application and the Affidavit of DEA Task Force Agent Terry G. Hanson in such a way as to minimize the interception of communications not otherwise subject to interception under Chapter 119 of Title 18 of the United States Code, and must terminate upon the attainment of the authorized objectives or, in any event, at the end of thirty (30) days.

Pursuant to Section 2518(8)(b) of Title 18, United States Code, this Order, the Application and accompanying Affidavit, and

8

86

all interim reports filed with the Court are ordered sealed, except that copies of this Order, in full or redacted form, may be served upon the above-described investigative agencies and the above-described service providers as necessary to effectuate this order.

DONE and ORDERED this ___ day of March, 2004, in Boston, Massachusetts.

_____
UNITED STATES DISTRICT JUDGE