

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

29 September 2006

John D. Hodges, Jr., Esq.
1830 Main St.
Tewksbury, MA 01876

Re: United States v. Zuleima Reyes, 03-10336-NMG

Dear Mr. Hodges:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Zuleima Reyes("Defendant"), in the above-captioned case. The Agreement is as follows:

1.    Change of Plea

At the earliest practicable date but in no event later than October 13, 2006, Defendant shall plead guilty to the following counts of the Superseding Indictment:

Count One:    Conspiracy To Distribute Heroin, in violation of 21 U.S.C. § 846;

Count Three:  Distribution of Heroin, and Aiding and Abetting Same, in violation of 21 U.S.C. § 841(a)(1);

Count Four:   Distribution of Heroin, and Aiding and Abetting Same, in violation of 21 U.S.C. § 841(a)(1);

Count Five:   Distribution of Heroin, and Aiding and Abetting Same, in violation of 21 U.S.C. § 841(a)(1); and

Count Six:    Distribution of Heroin, and Aiding and Abetting Same, in violation of 21 U.S.C. § 841(a)(1).

Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and

willfully committed the crimes charged in Counts One and Three through Six of the Indictment, and is in fact guilty of those offenses.

2.  Penalties

Reyes faces the following maximum penalties:

Count 1:    A minimum mandatory term of incarceration of five years, a maximum of life imprisonment, to be followed by a term of supervised release of at least 4 years up to life, a fine of up to $4,000,000, and a $100 special assessment.

Counts 3-6:  A maximum of 20 years' imprisonment, to be followed by a term of supervised release of at least 3 years and up to life, a fine of up to $1,000,000, and a $100 special assessment, as to each of counts Three through Six.

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree to take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

> (a)  Defendant is responsible for between 100 and 400 grams of heroin, and her Base Offense Level is 26;
>
> (b)  The U.S. Attorney agrees not to seek an upward adjustment, and Defendant agrees not to seek a downward adjustment, for role in the offense pursuant to U.S.S.G. §3B1.1(a).
>
> (c)  No adjustments are appropriate under the Guidelines, except as set forth below.

Defendant will take the position that the Court should apply §5C1.2 of the Sentencing Guidelines and 18 U.S.C. §3553(f) and impose a sentence without regard to the statutory minimum-mandatory sentences that are otherwise applicable in this case.

2

The U.S. Attorney will recommend applying §5C1.2 of the Sentencing Guidelines and 18 U.S.C. §3553(f) if the U.S. Probation Office finds that Defendant meets the requirements of §5C1.2(1)-(4) and the U.S. Attorney finds that Defendant has personally satisfied §5C1.2(5).

Defendant recognizes and acknowledges that, if the Court declines to apply §5C1.2 of the Sentencing Guidelines and 18 U.S.C. §3553(f), Defendant will not receive an additional two level reduction pursuant to §2D1.1(b)(6) of the Sentencing Guidelines and she will receive a sentence at or above the statutory minimum-mandatory term of years.]

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1. The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit her conduct in the offense of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about her financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.    Sentence Recommendation

The U.S. Attorney and the Defendant agree to recommend the following sentence before the District Court:

> (a)    Incarceration or other confinement within the applicable Guideline Sentencing Range, as determined by the Court at sentencing, but not below any applicable mandatory minimum sentence;
>
> (b)    A fine within the applicable fine range, unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;
>
> (c)    A special assessment of $500; and,
>
> (d)    A term of supervised release of 4 years.

5.    Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant agrees that she will not file a direct appeal nor collaterally challenge any imprisonment sentence of 51 months or less. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant expressly acknowledges that she understands the U.S. Attorney has retained his appeal rights.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

6.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the

4

sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

## 7.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

## 8.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by himof an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

## 9.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

## 10.    Complete Agreement

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This

5

Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William Bloomer.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _Diane C. Freniere_
LAURA J. KAPLAN, Chief
DIANE C. FRENIERE, Acting Chief
Violent & Organized Crime Section

William F. Bloomer
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Zuleima Reyes
Defendant

Date: 10 - 10 - 06

I certify that Zuleima Reyes has had this Agreement read to her in her native language and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

John D. Hodges, Jr., Esquire
Attorney for Defendant

Date: 10 - 10 - 06

7